Gregory J. Bevelock
BEVELOCK & FISHER LLC
14 Main Street, Suite 200
Madison, NJ 07940
(973) 845-2999

Amanda Hollis
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654

Sarah K. Tsou
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022

*Attorneys for Defendant*
*Actavis Laboratories UT, Inc*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| VALEANT PHARMACEUTICALS LUXEMBOURG S.À R.L. and VALEANT PHARMACEUTICALS NORTH AMERICA LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ACTAVIS LABORATORIES UT, INC., <br><br> Defendant. | Civil Action No. 16-04344 (JLL)(JAD) <br><br> *Document Filed Electronically* <br><br> **[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER GRANTING THE CONSOLIDATED MOTION TO SEAL TRANSCRIPT PURSUANT TO LOCAL RULE 5.3** |

THIS MATTER having been brought before the Court by way of Defendant Actavis

Laboratories UT, Inc.'s ("Defendant") and Plaintiffs Valeant Pharmaceutical Luxembourg S.à

r.l. and Valeant Pharmaceuticals North America LLC (collectively "Plaintiffs") Consolidated

Motion to Seal portions of transcript of the March 1, 2018 *Markman* hearing before the

Honorable Jose L. Linares, U.S.D.J. in this matter (ECF No. 183), as well as the following

documents that were submitted to the Court at the hearing: (1) Valeant's *Markman* Presentation slides 12, 34, 55, 63, 64, 74 and supplemental slides 7, 8, 9, 10, 12, 16; (2) the document bearing Bates number ACT-FLU-00000854; and (3) the redacted portions of the deposition transcripts of Markus Antonietti and Bozena Michniak-Kohn, pursuant to L.Civ.R. 5.3(c) and 7.1; and the Court having considered the parties' submissions and proposed sealed information, and the factors contained in Local Civil Rule 5.3.(c)(2); and Plaintiffs not objecting to the relief sought herein; and for other and good cause having been show, the Court hereby finds:

## **FINDINGS OF FACT**

1.      Through discovery in this case, the Parties have produced confidential information, the public disclosure of which would affect legitimate business interests. To protect the confidentiality of this information, the Parties agreed to maintain the confidentiality of any materials produced pursuant to the Stipulated Discovery Confidentiality Order ("DCO"), entered by this Court on May 3, 3017 (ECF No. 54).

2.      The DCO allows the Parties to designate information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." The DCO acknowledges that the Parties will exchange documents that contain confidential information, and strictly limits access to these documents. The DCO further provides that any Party wishing to file with the Court material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" must file an Omnibus Motion to Seal pursuant to Local Rule 5.3(c).

3.      Pursuant to the DCO, Actavis moves to seal the Confidential Materials relating to its proprietary commercial and business interests, including information relevant to its research, development, and technical information because they contain, reference, and/or discuss

2601599.1 113479-94600

documents and information designated by Actavis as "ATTORNEYS' EYES ONLY" and/or as "CONFIDENTIAL" in accordance with the DCO.

4.     Defendant seeks to protect confidential and proprietary information identified in Appendix A to the Declaration of Sarah K. Tsou in Support of the Motion to Seal pursuant to Local Civil Rule 5.3 ("Defendant's Confidential Information") and Plaintiffs seek to protect confidential and proprietary information identified in Appendix A to the Declaration of William P. Deni, Jr. in Support of the Consolidated Motion to Seal Documents pursuant to Local Civil Rule 5.3 ("Plaintiffs' Confidential Information");

5.     On March 1, 2018, counsel for both parties appeared before the Honorable Jose L. Linares, U.S.D.J. for a *Markman* hearing, which were transcribed on the record (ECF No. 183);

6.     During the hearing Counsel for Plaintiffs submitted the following documents to the Court, which in whole or in part contain the parties' Confidential Information: (a) Valeant's *Markman* Presentation slides 12, 34, 55, 63, 64, 74 and supplemental slides 7, 8, 9, 10, 12, 16; (b) the document bearing Bates number ACT-FLU-00000854; and (c) the redacted portions of the deposition transcripts of Markus Antonietti and Bozena Michniak-Kohn.

7.     The redacted portions of the Transcript and other documents contain the parties' highly confidential, proprietary, and non-public information.

**Defendant's Confidential Information:**

8.     Defendant's Confidential Information, all of which is identified in Appendix A to the Declaration of Sarah K. Tsou, refers to proprietary commercial and business interests, including information relevant to Defendant's research, development, and technical information on the components and formulation of its ANDA product, which is presently unavailable to the

3

public. The DCO entered in these matters provides for the confidential treatment of this type of proprietary information.

9.      Defendant has a legitimate interest in maintaining the confidentiality of this commercially sensitive business information, including research, development, and technical information related to the components and formulation of its ANDA product. Defendant has a legitimate interest in protecting this information as confidential, because their competitors in the marketplace could utilize the information to gain an unfair competitive advantage to their detriment. Defendant has invested significant resources into the development of its ANDA product with the expectation that documents containing such competitively sensitive and proprietary information would be confidential and remain unavailable to competitors. There is substantial public interest in ensuring that this non-public information relating to Defendant's ANDA product remain confidential and will not become public at a later date.

10.      The clearly defined and serious injury that would result should the proposed Order to seal the Confidential Information not be entered is that valuable business and trade secrets created at substantial expense by Defendant will be lost and competitors would unjustly gain access to them. Confidential research information would be revealed to the public and Defendant's competitors, and these competitors would unjustly gain the ability to thwart, anticipate or usurp those plans and strategies to the competitors' advantage and Actavis's loss.

11.      There is no less restrictive alternative available other than to seal the unredacted transcript containing the confidential information identified in Appendix A to the Declaration of Sarah K. Tsou, and allowing redacted versions of the transcript be filed and made publicly available.

4

**Plaintiffs' Confidential Information**

12.     Plaintiffs' confidential and proprietary information, all of which is identified in Appendix A to the Declaration of William P. Deni, Jr., relates to Plaintiffs' proprietary commercial and business interests, including, but not limited to, nonpublic confidential business information and referenced to internal documents and nonpublic proprietary information, including information about competitively sensitive business strategies relating to Plaintiffs' Carac® product;

13.     If filed on the public docket, the information will reveal confidential and proprietary information relating to Plaintiffs' nonpublic confidential business information and references to internal documents and nonpublic proprietary information, including information about competitively sensitive strategies relating to Plaintiffs' Carac® product;

14.     Disclosure of this confidential information will cause irreparable harm to Plaintiffs' business relationships and could cause Plaintiffs to lose its competitive advantage in the highly competitive pharmaceutical marketplace;

15.     There is no less restrictive alternative available other than to seal the unredacted documents containing material identified in Appendix A to the Declaration of William P. Deni, Jr., and allowing redacted versions of those same documents be filed and made publicly available;

## CONCLUSIONS OF LAW

16.     The Court, having considered this matter pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 5.3, and the submissions in support of the Motion, finds that Actavis has satisfied its burden of proving under Local Civil Rule 5.3(c) and applicable case law,

5

that the information sought to sealed by Actavis contains CONFIDENTIAL and ATTORNEYS' EYES ONLY information that warrants sealing.

17.     Although there exists in civil cases a common law public right of access to judicial proceedings and records, the right of public access is not absolute and the presumption of public access is rebuttable. *See Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192, 194 (3d Cir. 2001) (citation omitted). The party seeking to seal part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). The Court has power to seal confidential information based on its inherent supervisory authority over its own records and files to deny public access to judicial records where those records might "become a vehicle for improper purposes." *In re Cendent*, 260 F.3d at 194. Moreover, Fed.R.Civ.P. 26(c)(1)(G) expressly allows the court to protect materials containing "trade secret[s] or other confidential research, development, or commercial information[,]" upon motion by a party, to prevent harm to a litigant's competitive standing in the marketplace. *See Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 889-91 (E.D. Pa. 1981).

18.     The inclusion of trade secrets and other confidential information in documents warrants the sealing of such documents. "A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'" *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (citation omitted). As such, "[t]he presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure." *Id.* (citations omitted).

2601599.1 113479-94600

19.     The Third Circuit, as well as this Court, has recognized on numerous occasions that confidential and sensitive business information is the type of information that should be protected from public disclosure. *See, e.g., Publicker*, 733 F.3d at 1071 ("protection of a party's interest in confidential commercial information" is an exception to the right of public access); *Purdue Pharm. Products v. Actavis Elizabeth*, No. 12-cv-5311, 2015 U.S. Dist. Lexis 111363, at *2 (D.N.J. Aug. 24, 2015) (sealing part of trial transcript where "revealing the confidential business information to the public and competitors to the parties to this action would injure the parties' business interests").

20.     In particular, this Court has protected confidential research and development, product testing, formulations, and other trade secret information, including, but not limited to, the confidential nature of ANDAs, drug master files, formulations, and other confidential testing by drug manufacturers. *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d at 667 (affirming magistrate judge's denial of motion to unseal documents that contained information relating to defendant's ANDA, DMF, processes, formulations, and testing); *Boehringer Ingelheim Pharma GmbH & Co. KG v. Mylan Pharm. Inc., No. 14-4727,* 2015 U.S. Dist. LEXIS 103716 at *6 (D.N.J. Aug. 7, 2015) (granting motion to seal portions of documents containing "highly proprietary business information regarding the development, formulation, manufacture and sale of [Mylan's] ANDA products"); *Depomed, Inc. v. Purdue Pharma L.P.*, No. 13-571, 2017 U.S. Dist. Lexis 212, at *6-8 (D.N.J. Jan. 3, 2017) (sealing confidential manufacturing and research and development processes and information as well as internal documents, such as laboratory notebooks).

21.     Local Civil Rule 5.3(c) places the burden of proof on the moving party as to why a motion to seal or otherwise restrict public access should be granted. Specifically, it requires a

showing of: (1) the nature of the materials or proceedings at issue; (2) the legitimate private or public interest which warrants the relief sought; (3) the clearly defined and serious injury that would result if the relief sought is not granted; and (4) why a less restrictive alternative to the relief sought is not available.

22.     The information in Actavis's submissions – the Declaration of Sarah K. Tsou and Appendix A thereto – satisfies the standards set forth in Local Civil Rule 5.3(c) and there is no less restrictive alternative to sealing the Materials.

**WHEREFORE**, the Court having found that the relief sought is warranted, and for good cause shown,

**IT IS ON THIS** 10 **DAY of** April, **2018, ORDERED AS FOLLOWS:**

1.     The Parties' Consolidated Motion to Seal is **GRANTED**.

2.     The material identified in Appendix A to the Declaration of Sarah K. Tsou in Support of Motion to Seal the Transcript contain Confidential and/or Attorney's Eyes Only Information and shall remain sealed; and

3.     The material identified in Appendix A to the Declaration of William P. Deni, Jr. and in Appendix A thereto contain Confidential and/or Attorney's Eyes Only Information and shall remain sealed

4.     A redacted version of the March 1, 2018 Transcript, consistent with the proposed redactions identified in the Tsou and Deni Certifications shall be electronically filed by the court reporter with Court on the Docket.

**IT IS SO ORDERED.**

_____

**Hon. Joseph A. Dickson**
**United States Magistrate Judge**

8